IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATHANIEL ALLEN LINDELL and
SEAN A. RIKER,

                        Plaintiffs,

v.

CATHY A. JESS and JOHN DOES,

                        Defendants.

ORDER

12-cv-759-wmc

This action is brought by two plaintiffs, Nathaniel Lindell and Sean Riker, who are prisoners at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Plaintiffs allege violations of their constitutional rights. Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004). Each plaintiff requests leave to proceed *in forma pauperis*. A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act and until each plaintiff confirms that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order. Plaintiffs did not file trust fund account statements with their complaint, however, they each have recently filed other cases in this court and have filed trust fund account statements in those cases.

From plaintiff Lindell's trust fund account statement submitted in case 12-cv-646-wmc, I conclude that he presently has no means with which to pay an initial partial payment of the $350 fee for filing his complaint. However, plaintiff should be aware that if he chooses to proceed with this case, he is obligated to pay the $350 filing fee, even if this court determines

that he will not be permitted to proceed with his complaint *in form pauperis* and even if he does not presently have funds with which to pay the fee. 28 U.S.C. § 1915(b)(1). His account will be monitored and the fee must be taken in monthly installments when the funds exist.

From plaintiff Riker's trust fund account statement submitted in case 12-cv-696-bbc, I have calculated his initial partial payment to be $3.07. If plaintiff Riker does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Riker is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $3.07 initial partial payment. Before prison officials take any portion of that amount from plaintiff Riker's release account, they may first take from his regular account whatever amount up to the full amount he owes.

Furthermore, each plaintiff should be aware that he will be held legally responsible for knowing precisely what is being filed in the case on his behalf and will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, then the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. (A litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

Finally, in screening the complaint, the court will consider whether the action of one plaintiff should be severed from the action of the other plaintiff and, if it decides severance is

appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be responsible for the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs.

## ORDER

IT IS ORDERED that

1. Each plaintiff may have until December 10, 2012, in which to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with the action
    a. Plaintiff Nathaniel Lindell may proceed in this case without prepayment of the $350 filing fee. His account will be monitored and the fee must be taken in monthly installments when the funds exist.
    b. Plaintiff Sean Riker may have until December 10, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $3.07.

3. If, by December 10, 2012, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 16th day of November, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge