IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHANIEL A. LINDELL,

       Plaintiff,       OPINION AND ORDER

 v.

                      12-cv-759-wmc

EDWARD F. WALL, *et al.*,

       Defendants.

---

  State inmate Nathaniel A. Lindell has filed a proposed civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with the conditions of his confinement in the Wisconsin Department of Corrections. Lindell has been granted leave to proceed *in forma pauperis* and he has made an initial partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). Having amended his complaint, Lindell seeks leave to proceed with his claims.

  Before an inmate may proceed with a civil action, the court is required by the PLRA to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Lindell's proposed amended complaint does not comply with federal pleading requirements, the court will deny plaintiff leave to proceed at this time, but will afford him one more opportunity to amend for reasons set forth below.

SUMMARY OF PLAINTIFF'S PROPOSED CLAIMS

**A. The Parties**

Plaintiff Nathaniel A. Lindell is presently confined by the Wisconsin Department of Corrections ("WDOC") at the Waupun Correctional Institution ("WCI"). From July 9, 2002, through January 4, 2013, he was confined at the Wisconsin Secure Program Facility ("WSPF") in Boscobel.

The defendants include several administrators employed by WDOC in Madison: Secretary Edward F. Wall; former Secretary Rick Raemisch; Administrator of the Department of Adult Institutions ("DAI") Cathy A. Jess; and Corrections Complaint Examiner ("CCE") John Ray. He also sues the following officers and officials at WSPF: Warden Timothy F. Haines; former Warden Peter Huibregtse; former Security Director Gary Boughton; Captain Sara A. Mason; Captain James L. Boisen; Lieutenant Todd Brudos; Correctional officer Robert Shannon; Inmate Complaint Examiner ("ICE") Ellen K. Ray; ICE Kelly Trumm and John Does #1 through #4.

**B. Complaint**

In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings under this lenient standard, it appears that Lindell is attempting to bring several unrelated claims against multiple defendants in a single action. His proposed claims are summarized in chronological order below.

1. **Claims Against Defendants Shannon and Boughton**

Lindell, who describes himself as a jailhouse lawyer, frequently files lawsuits and administrative complaints on his own behalf and on behalf of other WSPF inmates.[1] In June 2006, Lindell was accused in a conduct report with violating Wis. Admin. Code DOC § 303.32 by engaging in "enterprises and fraud." He alleges that Shannon and Boughton caused Lindell to be falsely accused of misconduct and threatened with punishment in Conduct Report #1676219 based on Lindell's efforts to litigate a case on behalf of another inmate or give instructions about how to proceed in an unspecified case. Conduct Report #1676219 was later dismissed on June 23, 2006, but Lindell was transferred from WSPF's Delta Unit to the Alpha Unit for twenty days, where he had a smaller cell and fewer privileges. Lindell adds that this conduct report made him "fearful about helping others with litigation." Lindell contends that Shannon and Boughton retaliated against him for exercising his right to access the courts.

2. **Claims Against Defendants Trumm, Huibregtse, J. Ray, Raemisch, Lt. Brudos, Boughton, Captain Bousin and E. Ray**

Lindell also claims that he was retaliated against for filing a "group grievance" (WSPF-2006-27174) on September 17, 2006, which challenged the WDOC ban on commercial photographs. That grievance was dismissed by Trumm, who recommended that Lindell be charged in a disciplinary conduct report for forging another inmate's

---

[1] Court records confirm that Lindell has filed at least 18 prisoner civil rights lawsuits on his own behalf. While he was in custody at WSPF, Lindell also filed many administrative complaints and lawsuits on behalf of other inmates.

3

signature on the grievance. Lindell contends that Trumm, Huibregtse, J. Ray, Raemisch, Lt. Brudos, Boughton, Captain Bousin and E. Ray "caused or enabled others to cause" Lindell to be punished in connection with Conduct Report #1877230 for forgery in violation of Wis. Admin. Code DOC § 303.41. Lindell was found guilty and, as a result, he spent 180 days in "disciplinary separation." Lindell insists that the charges were false and filed as a pretext to discourage him from submitting group complaints.

### 3. Claims Against Defendants Trumm, Boughton and John Doe #4

Lindell alleges that defendants Trumm, Boughton and John Doe #4 interfered with his efforts to provide legal assistance to another inmate through the process known as "legal routing." This process was approved by Warden Huibregtse in 2010 and allowed prisoners "to send legal materials to each other without attaching postage to have staff deliver said legal materials." In January and February 2010, Lindell contends that defendants Trumm, Boughton and John Doe # 4 "caused or covered up for who[ever] caused Lindell's legal routes to [inmate Rodobaldo C.] Pozo to not be delivered." Lindell contends, therefore, that these defendants violated his constitutional right to access the courts.

### 4. Claims Against defendants John Doe #1, E. Ray and Huibregtse

Lindell contends that defendants John Doe #1, E. Ray and Huibregtse interfered with a lawsuit that he planned to file on behalf of WSPF prisoner Sean Riker. In June 2012, these defendants allegedly "caused or covered up for who caused Lindell's legal

route to WSPF prisoner Riker to not be delivered." Lindell contends, therefore, that these defendants violated his constitutional right to access the courts.

### 5. Claims Against Defendants John Does #2, #3, Captain Mason and E. Ray

Lindell contends that defendants John Does #2, #3, Captain Mason and E. Ray interfered with his own ability to pursue redress in court. In July 2012, these defendants reportedly "caused or covered up for who caused Lindell's legal routes to WSPF prisoners [Joshua] Jurkowski, [Andrew] Newton, and [Aaron] Pavin to not be delivered," obstructing Lindell from gathering evidence that he needed concerning a disciplinary proceeding and a proposed civil lawsuit. Lindell explains that he was seeking witness statements from Jurkowski, Newton and Pavin so that Lindell "could defend himself against charges made against him in Conduct Report#2302843 and to file criminal charges on and civilly sue Sergeant Jason Roberts for assaulting and using excessive force on Lindell." By interfering with his legal routes, Lindell maintains that these defendants violated his constitutional right to access the courts.

### 6. Claims Against Defendant Jess

Due to the number of inmate complaints about mishandled mail sent through legal routing, Department of Adult Institutions Administrator Cathy Jess allegedly issued

a new policy that eliminated legal routing altogether. Under that policy, which took effect September 30, 2012, "[i]nmates will be required to utilize the U.S. Mail to correspond and share documents between each other." Because he is indigent and unable to afford enough postage to maintain communication with all of his potential clients, Lindell contends that Jess's decision to terminate legal routing has impeded his ability to "provide legal services" to other prisoners and to litigate on their behalf. By eliminating legal routing, he claims that "Jess has violated and threatens to violate the plaintiff's and other prisoner's right to petition for redress of grievances" in violation of the First Amendment.

OPINION

While each of Lindell's proposed claims bears a similar refrain, it appears that he is attempting to join at least six lawsuits against different defendants into one action. The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). To that end, prisoners may not circumvent the fee-payment or three-strikes provisions of the Prison Litigation Reform Act by improperly joining claims in violation of the federal rules. *See id.*; *see also Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) (demonstrating how the improper joinder of claims by prisoners can flout the three-strikes rule found in 28 U.S.C. § 1915(g)). Specifically, Fed. R. Civ. P. 18(a) provides that "[a] party asserting a claim, counter-claim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule,

"multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Likewise, Fed. R. Civ. P. 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The joinder rules apply equally to cases filed by prisoners and non-prisoners alike. *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). For example, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607.

The complaint in this case violates Rules 18 and 20 by joining unrelated claims against multiple defendants at two different prisons over a period of seven years. Therefore, the proposed complaint must be rejected based on improper joinder. *George*, 507 F.3d at 607. Accordingly, the court will strike the amended complaint filed by Lindell on March 5, 2013. (Dkt. # 11).

The court will provide Lindell one more opportunity to submit an amended complaint in this case. He is directed to choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20. Any unrelated claim not pursued

7

in this case must be brought in a separate action. That final, amended complaint must be filed within thirty days from the date of this order or this case will be dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff Nathaniel A. Lindell's request for leave to proceed with his amended complaint (dkt. # 11) is DENIED and the clerk's office is directed to STRIKE that amended complaint from the record.

2) Lindell may have one opportunity to submit a proper complaint in this case. He is directed to choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20 of the Federal Rules of Civil Procedure. Any unrelated claim not pursued in this case must be brought in a separate action. The final, amended complaint must be filed within thirty days from the date of this order.

3) If Lindell does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint filed by Lindell will be screened in accordance with 28 U.S.C. § 1915A. If the complaint filed by Lindell fails to comply with this order, the court will dismiss the complaint and this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered this 6th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge