IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHANIEL A. LINDELL,

                Plaintiff,                  OPINION AND ORDER

    v.

                                                   12-cv-759-wmc

EDWARD F. WALL, *et al.*,

                Defendants.

---

      State inmate Nathaniel A. Lindell filed a proposed amended complaint pursuant to 42 U.S.C. § 1983, lodging an assortment of claims against multiple defendants in connection with the conditions of his confinement at the Wisconsin Secure Program Facility ("WSPF"). In reviewing the amended complaint (dkt. # 11), the court observed that Lindell was attempting to join unrelated claims against multiple defendants. On November 6, 2013, the court issued an order striking his amended complaint and instructed Lindell to submit an amended complaint setting forth a single claim or claims permissibly joined in compliance with Fed. R. Civ. P. 18(a) and 20(a). Lindell has not complied as directed. Instead, Lindell has filed a one-page letter essentially moving for reconsideration. (Dkt. # 16).

      Lindell's request for reconsideration is construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Lindell makes no such showing here.

      As outlined in the court's November 6th order, Lindell's proposed amended complaint raised the following claims: (1) in June 2006, a false conduct report was filed against him in

retaliation for exercising his right to access the courts; (2) in September 2006, a false conduct report was filed against him in retaliation for a "group grievance" that he authored; (3) in January and February 2010, three defendants interfered with legal correspondence between Lindell and another inmate named Rodobaldo C. Pozo in violation of the right to access the courts; (4) in June 2012, two defendants interfered with a lawsuit that he planned to file on behalf of another inmate named Sean Riker in violation of the right to access the courts; (5) in July 2012, several defendants interfered with Lindell's ability to obtain witness statements in defense of a conduct report; and (6) in September 2012, Director of Adult Institutions Cathy Jess issued a new policy that eliminated the "legal routing" practice formerly authorized by WSPF Warden Peter Huibregtse by requiring inmates to send all correspondence by the U.S. Postal Service, interfering with the right to access the courts.

Although Lindell maintains that these claims are part of "the same retaliatory series of transactions," the court remains unpersuaded that they were properly joined in compliance with Fed. R. Civ. P. 18(a) and 20(a). Because Lindell does not show the order was entered in error, he is not entitled to relief pursuant to Fed. R. Civ. P. 59(e).

Lindell also appears to request leave to file an amended complaint in this case regarding his so-called "macro claim," (*i.e.*, that defendant Jess unduly interfered with his constitutional right to access the courts by eliminating the legal routing policy as described in his original complaint). (Dkt. # 1). Alternatively, he requests a final order so that he may pursue a direct appeal.

Because Lindell has not submitted a proposed amended complaint as directed, the court cannot grant his request for leave to amend. In that respect, a litigant's failure to submit a proposed amended complaint dooms his request for leave to amend. *See Hecker*

2

*v. Deere & Co.*, 556 F.3d 575, 590-91 (7th Cir. 2009); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985).

The court will, however, grant Lindell an extension of time to submit a proposed, amended complaint that the elimination of legal routing has unduly burdened his right to access the courts *provided* that his submission complies with the November 6, 2013 order and the federal pleading rules found in Fed. R. Civ. P. 18(a) and 20(a). In the event that Lindell does not comply within this extended deadline, however, the case will be dismissed and a final order will issue without further notice.

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel A. Lindell's motion for reconsideration (dkt. # 16) is DENIED.

2. Lindell's request for an extension of time to for an extension of time to submit an amended complaint in compliance with the court's November 6, 2013 order is GRANTED.

3. Lindell is directed to file his amended complaint in this case no later than **twenty (20) days** from the date of this order. That amended complaint will be screened in accordance with 28 U.S.C. § 1915A. If that amended complaint fails to comply with this order or the order entered on November 6,

3

2013, the court will dismiss this case without further notice pursuant to Fed. R. Civ. P. 41(b).

Entered this 11th day of December, 2013.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          WILLIAM M. CONLEY
                                          District Judge